

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-1-2008

# Lloyd v. Shannon

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2616

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lloyd v. Shannon" (2008). *2008 Decisions*. Paper 929.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/929

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2616
_____

JOHN ANTHONY LLOYD,

Appellant,

v.

MR. ROBERT SHANNON;
THE DISTRICT ATTORNEY OF THE COUNTY OF SCHUYLKILL, PA;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,

Appellees.

_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
D.C. No. 04-cv-01767
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
April 10, 2008

Before: SMITH, HARDIMAN and ROTH, *Circuit Judges*.

(Filed: July 1, 2008)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

John Anthony Lloyd appeals the District Court's order dismissing his petition for a writ of habeas corpus. Because Lloyd has been imprisoned on unrelated criminal charges and is no longer subject to the "special condition" of parole that is the subject of his petition, we will vacate and remand to the District Court with instructions to dismiss Lloyd's petition as moot.

## I.

As we write exclusively for the parties, we will recount only those facts essential to our decision. Lloyd was granted parole subject to the special condition that he refrain from forming any romantic relationships with women who had physical custody of minor children. After his parole was revoked for dating a woman with minor children, Lloyd filed a habeas petition, arguing that the imposition of the special condition was unconstitutional. The District Court dismissed the petition and Lloyd timely appealed. While this appeal was pending, however, Lloyd was again granted parole, fled the supervision of the parole board shortly thereafter, and was ultimately arrested and incarcerated for unrelated criminal charges. Lloyd is currently in custody awaiting resolution of these outstanding criminal charges, and has also been recommitted to serve 18 months of back time, when available, for fleeing the supervision of the parole board. Accordingly, he is no longer subject to the special condition that is the basis of his habeas petition.

## II.

The federal courts may neither render advisory opinions nor decide questions that cannot affect the rights of litigants. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (per curiam). Thus, an inmate is not entitled to seek equitable or declaratory relief once he is no longer subject to the alleged conditions he seeks to challenge. *Sutton*, 323 F.3d at 248. We will consider such claims only where the challenged conditions are: (1) too short in duration "to be fully litigated prior to its cessation or expiration"; and (2) "there [is] a reasonable likelihood that the same complaining party would be subjected to the same action again." *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993).

Here, Lloyd is incarcerated for reasons that are entirely unrelated to the special condition. Accordingly, a ruling by this Court with respect to the constitutionality of the special condition will have no effect on the conditions or length of Lloyd's confinement, and his claims are no longer justiciable. Nor is this a case where the plaintiff may show a "reasonable likelihood" that he will be subjected again to the same unlawful practice. Indeed, given the uncertainty of the pending criminal charges, and the additional 18 months that Lloyd must serve regardless of the resolution of those charges, it would be wholly speculative to conclude that the parole board will regain jurisdiction over Lloyd at some future time and choose to impose the same special condition he seeks to challenge in this case. This remote possibility is not the "continuing and brooding presence" required to constitute a live case or controversy. *See Preiser*, 422 U.S. at 403 (internal citation omitted). Moreover, there is no suggestion that any subsequent imposition of the

3

special condition would be too short in duration for Lloyd to fully litigate any future claim prior to cessation.

Our decisions in *Micklus v. Carlson*, 632 F.2d 227 (3d Cir. 1980), and *Beshaw v. Fenton*, 635 F.2d 239 (3d Cir. 1980), are distinguishable. In *Micklus*, we rejected a claim of mootness where the plaintiff's history of incarceration in facilities not compliant with the Youth Corrections Act, together with the low standard for re-incarceration of youth offenders, created a "real threat" of future incarceration in non-compliant facilities. 632 F.2d at 233. In *Beshaw*, we found a live controversy where prison officials retained the discretion to transfer plaintiff back into the federal facilities of which he complained, and in fact the plaintiff's placement in a different state facility had been made possible by the very state-federal transfers that he alleged were unlawful. 635 F.2d at 241-42. Here, the reasons for Lloyd's current incarceration have nothing to do with his violation of the special condition, and the parole board has no jurisdiction over Lloyd for at least another 18 months, if at all. Furthermore, the mere fact that the parole board imposed the special condition upon Lloyd once before hardly makes it a certainty that the same condition will be reimposed in the event Lloyd is granted parole from any sentence arising from the pending criminal charges and serves the 18 months of back time for his most recent parole violations. Thus, there is no current and "real threat" that Lloyd will again be subject to the special condition of parole.

For all the foregoing reasons, we find that Lloyd's petition for a writ of habeas corpus is moot. Accordingly, we will vacate the District Court's order and remand with

4

instructions to dismiss the petition. *See Bagby v. Beal*, 606 F.2d 411, 414 (3d Cir. 1979)

(it is the "settled practice" to vacate the district court judgment when a case becomes

moot on appeal).